**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MARLON YANNEZZ**                                                                                    **PETITIONER**

**VERSUS**                                                      **CIVIL ACTION NO. 5:19-cv-102-DCB-MTP**

**SHAWN R. GILLIS,** *Warden of Adams County Correctional Center*            **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Marlon Yannezz's Petition for Habeas Corpus [1]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition [1] be denied and that this matter be dismissed with prejudice.

### BACKGROUND

Petitioner, a citizen of Honduras, asserts that he has been held in custody by Immigration and Customs Enforcement ("ICE") in excess of six-months after he was issued a final removal order. Pet. [1]. He seeks to be released into the United States pending his removal. He submits that he is not a flight risk because his adult child is an American citizen and he has ties to his community. Respondent counters that Petitioner's continued detention is reasonable because he has frustrated the Government's efforts to deport him.

It is unknown when or how the Petitioner entered the United States, but he claims to have been in the country since he was a teenager. Resp. [15], Ex. A at 1. On September 6, 2017, an immigration judge ordered Petitioner removed from the country. *Id*. Petitioner, however, was not taken into Immigration & Customs Enforcement ("ICE") custody until October 16, 2018. *Id*. Travel documents for Petitioner were initially requested that same month. *Id*.

On February 21, 2019, Petitioner was interviewed by the Honduran consulate. *Id*. At a second interview, on May 2, 2019, Petitioner refused to speak to the Honduran consulate. *Id*. He was interviewed a third time on May 23, 2019 but was uncooperative. *Id*.

On August 20, 2019, ICE served Petitioner with a Failure to Comply letter. *Id*. On August 26, 2019, Petitioner was again uncooperative in an interview with the Honduran consulate. *Id*. On December 16, 2019, Petitioner participated in another interview and told the Honduran consulate that he had been raised by a foster mother and did not know his birth parents' names. *Id*. The consulate could not identify the woman that Petitioner claimed was his foster mother but told ICE that they received information regarding Petitioner's "friend/partner" and would contact her for more information about Petitioner. *Id*. As of December 2019, the consulate was searching for more identifying information for Petitioner and did not state that travel documents could not be issued once additional information was obtained. *Id*. at 2.

An ICE deportation officer also provided a declaration that it was his opinion that Petitioner was not fully cooperating with the removal process, and once he did cooperate fully that he could be returned to Honduras. *Id*. at 2. The deportation officer also noted that ICE regularly deports individuals to Honduras. *Id*.

In his Reply [16], Petitioner asserts that he has no knowledge of his birth parents in Honduras and he lived as a lawful immigrant in Mexico until he was brought to the United States by his foster mother. He maintains that he has no connection with Honduras and has never lived there. But he also stated that his now deceased foster mother returned to Honduras several years ago after she was diagnosed with cancer, and he attached a letter from his mother-in-law that stated he had two brothers in Honduras who were killed. Pet. [1] at 14. Petitioner concedes that he did refuse to speak to the Honduran Consulate on one occasion but argues that he has

cooperated and cannot provide any more information because he has no connection with Honduras.  Reply [16] at 1.

The instant Petition [1] was filed on October 15, 2019.  Shawn R. Gillis, the Warden of Adams County Correctional Center, filed his Response [15] on December 20, 2019.  Petitioner filed his Reply [16] on January 23, 2020.  This matter is now ripe for review.

## ANALYSIS

Petitioner alleges that he has remained in ICE custody beyond the presumptively reasonable six-month post-removal order period outlined in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has 90 days after an order of removal becomes final to deport an alien.  The Supreme Court has held that detention of aliens beyond this 90-day period is acceptable up to six months.  *Zadvydas*, 533 U.S. at 701.  "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing."  *Id*.  This does not mean that every alien not removed after six months must be released.  *Id*.  "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id*.

"The alien bears the initial burden of proof in showing that no such likelihood of removal exists."  *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).  To meet his burden, "the alien's claim must be supported by more than mere speculation and conjecture."  *Galtogbah v. Sessions*, 2019 WL 3766280, at *2 (W.D. La. June 18, 2019) (internal quotations and citation omitted).  Conclusory statements are not enough to demonstrate that the alien will not be removed in the foreseeable future.  *Andrade*, 459 F.3d at 543.  "In order to shift the burden to the

Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future." *Galtogbah*, 2019 WL 3766280, at *2 (internal quotations and citation omitted). The petition should be dismissed if the alien does not meet this initial burden. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051-52 (11th Cir. 2002).

Title 8 U.S.C. § 1231(a)(1)(C) provides:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

"An alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay." *Lusanga v. Ramos*, 2019 WL 2851759, at *2 (W.D. La. June 11, 2019) (citing *Daniel v. Holder*, 2015 WL 5553670 (W.D. La. Aug. 18, 2015)); *see also Mytyuk v. Young*, 347 F. App'x 50, 51 (5th Cir. 2009); *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993) (deliberately withholding information and obstructing INS tolls the six-month removal period).

First, Petitioner has not shown that his removal is unlikely in the foreseeable future. The Honduran consulate regularly repatriates individuals and the consulate has not stated that travel documents will never be issued for Petitioner. In fact, the consulate was tracking down other individuals to provide identifying information for Petitioner. Resp. [15] at 1. It is Petitioner's initial burden to demonstrate that some unique set of circumstances prevent him from being removed in the foreseeable future and he has not met that burden. *See Grifanov v. Sessions*,

2019 WL 2850561 (W.D. La. June 3, 2019) (denying habeas petition when alien failed to meet his burden to show it was unlikely that he would be removed).

Second, Petitioner has not fully cooperated in the removal process, as evidenced by his unwillingness to provide information and his complete refusal to speak with the Consulate on one occasion. This has tolled the statutorily acceptable detention period. *See Francis v. Holder*, 2014 WL 4207593 (W.D. La. Aug. 25, 2014) (finding that alien's extended custody was due to his own refusal to speak with consulate). ICE issued a Failure to Comply letter on August 20, 2019 because Petitioner failed to provide sufficient information to the Honduran consulate to obtain travel documents. He continues to maintain that he does not know what name he was given for registration purposes in Honduras and he has no connections there, despite the fact that his foster mother returned there before her death and he had two brothers in Honduras. Petitioner cannot effectively argue that his continued detention is unreasonable when he has not fully cooperated in the removal process.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be DENIED and that this action be DISMISSED with prejudice. By so recommending, the undersigned does not suggest that Petitioner may be held indefinitely. If, after fully cooperating with the consulate and other officials involved in the removal process, his removal is not likely in the reasonably foreseeable future then he may again apply for relief. Until such time, Petitioner's request is premature.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 21st day of April, 2020.

s/ Michael T. Parker  
United States Magistrate Judge